# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: THE MATTER OF THE COMPLAINT OF AEP RIVER OPERATIONS LLC, etc., et al., PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | )<br>)<br>)<br>) CIVIL ACTION 13-0321-WS-C<br>)<br>)<br>) |

**ORDER**

Claimants Hiram and Althea Erickson have filed a "motion to clarify or, if necessary, to amend the limitation injunction." (Doc. 30). They seek clarification that the limitation injunction entered by the Court, (Doc. 19), does not stay their claims in state court against the captain of the plaintiffs' vessel and a land-based alleged joint tortfeasor. Should the Court disagree, they seek modification of the order to so limit the scope of the injunction. (Doc. 30 at 6).

The provision at issue reads as follows:

> IT IS FURTHER ORDERED that the beginning of or prosecution of any and all suits, actions or legal proceedings of any nature and description whatsoever *against Limitation Complainants*, its insurers or underwriters or the M/V SAFETY RUNNER, or against any property *of Limitation Complainants*, except in these proceedings, in respect of any claims arising out or consequent upon or connected with any loss, damage, death, injury or destruction resulting from the matter referred to in the Complaint be, and they are hereby, stayed, enjoined and restrained until the hearing and determination of this action, and all warrants of vessel arrest and/or attachment issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of vessel arrest and or attachment are hereby prohibited ….

(Doc. 19 at 3 (emphasis added)). This language unambiguously limits the persons and entities protected by the injunction to the Limitation Complainants. The order unambiguously reflects that the Limitation Complainants are, unsurprisingly, those

who filed the limitation complaint, i.e., AEP River Operations, LLC, and Russell Flowers, Inc. (*Id*. at 1).

The Erickson claimants do not question this obvious construction, but they fear the limitation plaintiffs have injected uncertainty by representing to the state court that the injunction runs in favor of "the AEP interests." (Doc. 30 at 2-4). But the very document that concerns the Erickson claimants explicitly identifies "the AEP interests" as AEP River Operations, LLC and J. Russell Flowers, Inc., (Doc. 30, Exhibit A). The limitation plaintiffs plainly have not suggested that the stay runs in favor of "AEP interests" beyond themselves.

The Erickson claimants' state lawsuit includes as plaintiffs ORCA, Inc. and Finley Fraser, Jr. (Doc. 30, Exhibit A at 1). The limitation plaintiffs' notice to the state court of the limitation injunction entered herein concludes that "this matter is stayed until such time as the Limitation Complaint of the AEP interests is heard or the present Limitation stay is lifted." (*Id*. at 2). The Erickson claimants believe "this matter" could be understood as a representation to the state court that their entire lawsuit, even as pursued against ORCA and Fraser, is stayed by the Court's injunction. (Doc. 30 at 4). The injunction, however, is by its terms limited to legal proceedings "against Limitation Complainants" and does not encompass claims against any other person or entity. The Court assumes the limitation plaintiffs did not intend to suggest otherwise.

For the reasons set forth above, the motion to clarify is **granted**, and the order is clarified as set forth above. The motion to amend the injunction limitation is **denied as moot**.

DONE and ORDERED this 5th day of August, 2013.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE